The document below is hereby signed.

Signed: October 2, 2018



*S. Martin Teel Jr.*

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| THOMAS A. MAURO, | ) | Case No. 18-00107 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |
| | ) | |

MEMORANDUM DECISION AND ORDER DIRECTING CLOSING
OF CASE AND MODIFYING FORTHCOMING DISCHARGE INJUNCTION

The debtor meets the requirements of 11 U.S.C. § 727 and Fed. R. Bankr. P. 4004(c) for a discharge, and the debtor should be granted a discharge.  Furthermore, the chapter 7 trustee, Marc E. Albert, filed a report of no distribution on June 6, 2018. Albert has fully administered the chapter 7 estate and once the debtor's discharge is entered, the case should be closed and Albert discharged as trustee.

The closing of the case ought not await disposition of a creditor's pending nondischargeability adversary proceeding. However, the court has abstained from hearing certain state law issues concerning the debt at issue that are pending in state court, with this court to determine later whether any judgment

recovered by the creditor in the state court is nondischargeable. Generally, a discharge injunction would prohibit the continuation of such state law claims. The court will therefore modify the discharge injunction to allow those state law claims to proceed to the entry of a final judgment.

I

GRANTING THE DEBTOR A DISCHARGE

11 U.S.C. § 727 and Fed. R. Bankr. P. 4004 provide the conditions for granting a debtor a discharge. The debtor meets the conditions set forth under those provisions and is entitled to a discharge. Accordingly, the court will grant the debtor a discharge in a separate order.

II

CLOSING THE CASE AND DISCHARGING THE TRUSTEE

The debtor's case is ready to be closed. Under 11 U.S.C. § 350(a), "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." The presumption under Fed. R. Bankr. P. 5009(a) that the estate in this chapter 7 case has been fully administered has not been rebutted. Moreover, Albert is entitled to be discharged. He has faithfully fully administered the chapter 7 estate. His status as a chapter 7 trustee ought to be brought to an end and not be held in limbo pending the disposition of the nondischargeability adversary proceeding. Having fully rendered the services

required of him, as will be signified by the entry of an order discharging him, Albert is entitled to receive from the clerk the amounts owed him under 11 U.S.C. § 330(b) and Item 9 of the *Bankruptcy Court Miscellaneous Fee Schedule*. There is no just reason to delay discharging Albert as trustee and closing the chapter 7 case.

Moreover, under 11 U.S.C. § 704(a)(1), Albert was required to "collect and reduce to money the property of the estate . . . and close such estate as expeditiously as is compatible with the best interests of parties in interest[.]" Under 11 U.S.C. § 554(c), the closing of the case will abandon to the debtor the property of the chapter 7 estate that he listed on his schedules pursuant to § 521(a)(1). The revesting of title to such property in the debtor ought not be further delayed.

III

MODIFYING THE DISCHARGE INJUNCTION

The debtor's creditor, Sarah J. Landise, has filed an adversary proceeding, Adversary Proceeding No. 18-10011, seeking to have a judgment that has not yet been made final in the Superior Court for the District of Columbia, declared as nondischargeable under 11 U.S.C. § 523(a)(6). The court has abstained from hearing the state law claims and lifted the automatic stay to allow Landise to obtain a final judgment in the Superior Court. However, under 11 U.S.C. § 524(a)(2), a debtor

3

who is granted a discharge is also granted a discharge injunction. The discharge injunction bars creditors from collecting on a debt that has been discharged under § 727. There is, therefore, an issue of whether the discharge injunction would bar Landise from obtaining her judgment in the Superior Court.

Section 727(b) provides:

> Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, . . . .

When a creditor files a timely complaint to determine the dischargeability of a debt, at least one court holds that the discharge injunction does not apply with respect to that debt until the bankruptcy court makes a determination of the dischargeability of the debt. *See Buke, LLC v. Eastburg (In re Eastburg)*, 440 B.R. 851, 855 (Bankr. D.N.M. 2010). Other courts have rejected that reasoning and note that 11 U.S.C. § 523(c)(1) reads:

> Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraphs (2), (4), or (6) of this subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

These courts hold that "this provision renders a debt dischargeable 'unless' the bankruptcy court concludes that

4

section 523(a)(2), (4), or (6) is applicable, not the reverse." *In re Gibellino-Schultz*, 446 B.R. 733, 740 n. 5 (Bankr. E.D. Pa. 2011). These courts, nevertheless, agree that the court may modify a discharge injunction to allow for a suit to proceed in state court. *Id.*

In any event, I have previously held that a bankruptcy court may modify the discharge injunction to allow a state court to proceed where the bankruptcy court has abstained from hearing the state law issues in a nondischargeability complaint. *In re Richardson*, No. 94-00324, 2000 WL 33529761 (Bankr. D.D.C. October 17, 2000). Accordingly, I will modify the discharge injunction to allow Landise to proceed in the Superior Court to obtain a final judgment, with this court to then determine (under principles of issue preclusion or otherwise) whether such judgment is nondischargeable under § 523(a)(6).

IV

CONCLUSION

Based on the foregoing, it is

ORDERED that a separate order granting the debtor a discharge shall be entered forthwith. It is further

ORDERED that the trustee be and hereby is discharged. It is further

ORDERED that the Clerk shall close this case as a chapter 7 case after the order granting the debtor a discharge has been

entered.  It is further

ORDERED that the closing of the case abandons to the debtor, pursuant to 11 U.S.C. § 554(c), all property that he scheduled. It is further

ORDERED that the discharge injunction is modified to permit Sarah J. Landise to pursue in *Landise v. Mauro*, No. 1992 CA 2456, in the Superior Court of the District of Columbia obtaining a judgment against the debtor determining the amount of her claim against the debtor, and is modified to permit pursuit of any appeals relating to such a judgment, but Landise is barred from taking any further action on that judgment, except to seek to have such judgment declared as nondischargeable in this court, unless and until the court finds such debt is nondischargeable under 11 U.S.C. § 523.  It is further

ORDERED that after closing of the bankruptcy case, Landise's adversary proceeding against the debtor, Adversary Proceeding No. 18-10011, shall be treated as remaining pending and an open proceeding without the necessity of reopening the bankruptcy case itself.

[Signed and dated above.]

Copies to: Recipients of e-notification of filings.